UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **EDCV 25-01464-MWF (SHKx)**            **Date:  September 16, 2025**
Title:      Linda Zepeda v. Ford Motor Company, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING PLAINTIFF'S MOTION TO REMAND [16]

Before the Court is Plaintiff Linda Zepeda's Motion to Remand (the "Motion"), filed on August 5, 2025.  (Docket No. 16).  Defendant Ford Motor Company filed an Opposition on August 18, 2025.  (Docket No. 17).  Plaintiff filed a Reply on August 25, 2025.  (Docket No. 18).

The Court has read and considered the Motion and held a hearing on **September 8, 2025.**

The Motion is **DENIED**.  Defendant has demonstrated that the amount in controversy exceeds the jurisdictional threshold.  Specifically, the statutory civil penalties may be included in the amount in controversy.

I.     **BACKGROUND**

Plaintiff's claims arise from the purchase of a 2021 Ford Escape (the "Vehicle") for $40,942.90.  (Complaint (Docket No. 1-2) ¶ 16).  Plaintiff alleges the existence of various defects in the Vehicle.  (*Id.* ¶ 17).  Plaintiff further alleges that Defendant failed to conform the Vehicle to the applicable warranties or replace the Vehicle.  (*Id.* ¶¶ 19–21).

Based on the above allegations, Plaintiff alleges violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790–1795.8, including breach of express and implied warranties and failure to repair the Vehicle within a reasonable time by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 25-01464-MWF (SHKx)**          **Date:  September 16, 2025**
Title:      Linda Zepeda v. Ford Motor Company, et al.

manufacturer or its representative in violation of California Civil Code section 1793.2(b).  (*Id.* ¶¶ 15–50).  Plaintiff seeks monetary damages, incidental and consequential damages, civil penalties in the amount of two times Plaintiff's actual damages, and attorney's fees.  (*Id.* at 6 (describing the remedies sought in the Prayer for Relief)).

On April 25, 2025, Plaintiff commenced this action in San Bernardino County Superior Court.  Defendant removed this action on June 11, 2025, based on this Court's diversity jurisdiction.  (Notice of Removal (Docket No. 1) at 2).  Defendant used the cost of the Vehicle, civil penalties, and attorneys' fees to calculate the amount in controversy.  (*Id.* at 3–4).

Plaintiff now seeks to remand this action back to San Bernardino County Superior Court.  (Motion at 1).

## II.     LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  *Id.* § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 25-01464-MWF (SHKx)**                 **Date:  September 16, 2025**
Title:      Linda Zepeda v. Ford Motor Company, et al.

## III.   **DISCUSSION**

There is no dispute as to whether the parties are citizens of diverse states. (Motion at 3).  Plaintiff's argument is solely that Defendant's Notice of Removal failed to establish the requisite amount in controversy.  (*Id.* at 3).  Plaintiff contends that Defendant inflated actual damages by failing to consider statutory offsets for mileage, unaccrued interest, and a manufacturer's rebate.  (*Id.* at 4–6).  Plaintiff also contends that the requested civil penalties and attorneys' fees are speculative.  (*Id.* at 6–10).

When it is unclear "from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (internal citations and quotation marks omitted).  "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  Therefore, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."  *Id.* (emphasis in original).

"[A] damages assessment may require a chain of reasoning that includes assumptions."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).  "When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them."  *Id.*  Thus, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."  *Id.* at 1197.

### A.   **Actual Damages**

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(B)–(C).  Various statutory offsets are required to reduce the purchase price, including offsets for mileage and any manufacturer's rebate.  *Id.* §§ 1793.2(d)(2)(C), 871.27(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 25-01464-MWF (SHKx)**          **Date:  September 16, 2025**
Title:      Linda Zepeda v. Ford Motor Company, et al.

The purchase price of the Vehicle was $40,942.90.  (Complaint ¶ 16).  Plaintiff indicates that this purchase price must be reduced by the relevant statutory offsets. (Motion at 4–6).  Based on these offsets, Plaintiff calculates the actual damages to be in the range of $33,967.88 and $39.232.90.  (*Id.*).  The Court will therefore assume for the purposes of this Motion that Plaintiff's actual damages are limited to $33,967.88. Because this amount does not exceed $75,000, whether removal is proper turns on Plaintiff's claim for civil penalties.

## B.    Civil Penalties

A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover civil penalties of up to two times the amount of actual damages.  Cal. Civ. Code § 1794(c).  "Courts treat the Song-Beverly Act's civil penalties akin to punitive damages," *Carillo v. FCA USA, LLC*, 546 F. Supp. 3d 995, 10003 (C.D. Cal. 2021), and "[i]t is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  As a result, several courts have found that maximum civil penalties may be included in calculating the amount in controversy.  *See Amavizca v. Nissan N. Am., Inc.*, No. EDCV 22-02256-JAK (KK), 2023 WL 3020489, at *6 (C.D. Cal. Apr. 19, 2023) (collecting cases); *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 902 (S.D. Cal. 2021) (same).

Other courts have held that "civil penalties should not be included unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21-cv-195-JM (KSC), 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021); *see also Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022).  Plaintiff relies on this line of cases to support the argument that civil penalties are too speculative to be awarded in this case.  (Motion at 7–8; Reply at 3).

But courts have rejected this argument where there are "allegations in the [Complaint] that Defendant's conduct was willful." *Rahman v. FCA US LLC*, No. 2:21-cv-02584-SB (JCx), 2021 WL 2285102, at *2 (C.D. Cal. June 4, 2021); *see also Amavizca*, 2023 WL 3020489, at *7.  "Moreover, Defendant is not required to prove

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **EDCV 25-01464-MWF (SHKx)**          **Date:  September 16, 2025**
Title:      Linda Zepeda v. Ford Motor Company, et al.

the case against itself."  *Rahman*, 2021 WL 2285102, at *2; *see also Brooks v. Ford Motor Co.*, No. CV 20-302-DSF (KKx), 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act, given that most defendants, including Defendant here, will den[y] that it willfully failed to comply with the Song-Beverly."  (internal quotation marks omitted)).

Here, the Complaint includes several allegations that Defendant "willfully failed to comply with its responsibilities under the Act."  (Complaint ¶ 50; *see also id.* ¶¶ 22, 26).  The Prayer for Relief specifically requests the maximum two-times civil penalties.  (*Id.* at 6).  Plaintiff herself states that actual damages are at least $33,967.88. (Motion at 6).  "Plaintiff thus fails to explain why it is 'speculative' to include a civil penalty of two times the amount of damages that Plaintiff [herself] considers the floor of [her] overall damages."  *Allen v. Mercedes-Benz USA, LLC*, No. 2:25-CV-01222-DJC-JDP, 2025 WL 1743919, at *4 (E.D. Cal. June 24, 2025).  These facts are sufficient for Defendant to meet its burden that the maximum civil penalty award is in controversy in this litigation.

The estimate of the amount in controversy may therefore include a two-times civil penalty of $67,935.76.  The sum of actual damages and this civil penalty amount is $101,903.64, which exceeds the jurisdictional threshold.  *See, e.g.*, *Carillo*, 546 F. Supp. 3d at 1003 (denying a motion to remand after finding the amount in controversy satisfied based on "the amount of actual damages available as restitution" of $25,018.70, which when adding the civil penalty of twice the amount ($50,037.40), amounted to a total of $75,056.10 in controversy).

Accordingly, the Motion is **DENIED.**

Because the Court concludes that the jurisdictional amount has been satisfied, it need not consider the parties' dispute as to whether Defendant has met its burden to demonstrate the amount of attorneys' fees that are potentially recoverable.

IT IS SO ORDERED.